IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHONG H. CHOE, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:13-CV-0120-D |
| VS. | § |
| | § |
| BANK OF AMERICA, N.A., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this case alleging a fraud claim arising from the conduct of defendant Bank of America, N.A. ("BOA") in relation to plaintiffs' residential loan, BOA moves for summary judgment. For the reasons explained, the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

In April 2012 plaintiffs Chong H. Choe and Gretchen H. Choe (the "Choes") applied for a loan modification from BOA and submitted to BOA all of the required supporting documentation.[1] BOA represented, on multiple occasions, that the Choes's loan application and supporting documents were under review.

The Choes made a mortgage payment on July 20, 2012, which brought their loan

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to the Choes as the summary judgment nonmovants and draws all reasonable inferences in their favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

current through April 2012. During the application process, however, the Choes did not make any other mortgage payments, although they allege that they were "ready, willing and able to" do so. Ps. Br. 3. The Choes allege that BOA represented to them that, if they were approved for a loan modification, any missed payments would be rolled into the new loan by extending the loan or forgiving part of the loan. They also assert that BOA told them that their loan would not go into foreclosure or that foreclosure had been stopped, "causing [them] to believe that the loan modification process was working toward an alternative [to] foreclosure." *Id*.

The Choes also allege that, although BOA represented that the Choes's loan application file was under review, the file was not actually forwarded to the proper department at BOA. Instead, BOA delayed the modification process to the point that the Choes had missed too many payments, and their loan modification application was declined "due to the back end ratio being too high." *Id*. at 4. The Choes contend that, "[h]ad [BOA] been straight forward from the beginning with all their instructions and effort, then payments could have been made and foreclosure avoided." *Id*.

The Choes filed suit in state court alleging claims for breach of contract, third-party beneficiary breach of contract, and fraud. *Choe v. Bank of Am., N.A.*, 2013 WL 3196571, at *1 (N.D. Tex. June 25, 2013) (Fitzwater, C.J.). After BOA removed the case to this court, the Choes amended their complaint to add claims for negligence, violation of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code Ann. §§ 392.001-.404 (West 2006), and violation of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"),

Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011). *Id.* The court granted BOA's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), but permitted the Choes to replead. *Id.* at *8. The Choes filed a second amended complaint alleging claims for breach of contract, fraud, and violations of the TDCPA and DTPA. *Choe v. Bank of Am., N.A.*, 2013 WL 6159308, at *2 (N.D. Tex. Nov. 25, 2013) (Fitzwater, C.J.) ("*Choe II*"). BOA moved to dismiss the second amended complaint under Rules 9(b) and 12(b)(6), and the court granted BOA's motion to dismiss all but the Choes's fraud claim. *Id.* at *8. BOA now moves for summary judgment on the Choes's sole remaining fraud claim. The Choes oppose the motion.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond the opposing party's pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex.

2007) (Fitzwater, J.). Summary judgment is mandatory if the opposing party fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

### A

> The elements of common law fraud in Texas are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Choe II*, 2013 WL 6159308, at *4 (citations omitted). BOA moves for summary judgment on the Choes's fraud claim, contending that they have failed to adduce evidence in support of the second and third elements. BOA posits that the summary judgment record is devoid of any evidence that BOA made any misrepresentations knowingly or with reckless disregard for their falsity. BOA also maintains that, because the Choes have specifically alleged that BOA reviewed and declined their applications for modification on multiple occasions, a reasonable jury could not find that BOA was not considering the Choes's applications or that it failed to submit them to the correct departments. BOA has therefore pointed to the absence of evidence to support two essential elements of the Choes's fraud claim. Because the Choes's failure to produce proof as to any essential element of their claim renders all other facts immaterial, *see Trugreen Landcare*, 512 F.Supp.2d at 623, they are obligated to introduce evidence that would enable a reasonable jury to find in their favor on these essential elements.

B

The court need only consider, however, whether the Choes have met their summary judgment obligation as to the third element: that the speaker either knew the statement was false, or made it without knowledge of its truth. In their response brief, the Choes address BOA's knowledge of falsity with the following conclusory assertion, unsupported by any citation to the summary judgment evidence:

> The fact that the Defendant received all the necessary documents from the Plaintiff when requested but failed to forward them to the correct departments/individuals, that the documents were going stale, that the Defendant had applied a back end ratio metric, and that they were in both foreclosure and modification process at the same time show the speaker either knew the representations were false, or made them without knowledge of their truth.

Ps. Br. 6. The court is not required to "sift through the record" in search of a genuine issue of material fact. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Rule 56(c)(1)(A). "When citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." N.D. Tex. Civ. R. 56.5(c). The Choes's conclusory assertion—unsupported by a proper citation to the summary judgment record—is insufficient

to withstand summary judgment. *See, e.g., Girma v. Compass Bank*, 2006 WL 1499983, at *7 (N.D. Tex. May 31, 2006) (Fitzwater, J.) (citing *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002)); *see also Ramsey*, 286 F.3d at 269 ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996))).

The Choes also aver that "[t]he affidavit of Gretchen Choe establishes that the Defendant made material representations that were false, knowingly or without knowledge of its truth, with the intent that they should be acted upon, and were indeed acted upon, with injury as a result." Ps. Br. 8. Even if the court assumes that the affidavit of plaintiff Gretchen Choe ("Gretchen")—the only evidence in the Choes's appendix—is properly cited, her unsubstantiated assertions are insufficient to create a genuine fact issue, i.e., to permit a reasonable jury to find in the Choes's favor on the third essential element. For example, Gretchen speculates that BOA "knew at least as far back as July 18, 2012 that [the Choes] were being 'reviewed for decline,'" and she avers that "[t]he inherent representation that the modification was proceeding accordingly was fraudulent in that Defendants knew their intention NOT to modify our loan even prior to our making a good faith payment." *Id.* at 7. But this is precisely the type of conclusory, speculative, and unsubstantiated assertion that courts hold is inadequate to satisfy a nonmovant's summary judgment burden. *See Ramsey*, 286 F.3d at 269; *see also, e.g., Ellis v. Crawford*, 2007 WL 1624773, at *7 (N.D. Tex. June 6, 2007) (Fitzwater, J.) (granting summary judgment where only evidence plaintiffs

submitted in support of claim were two declarations that provided no support for conclusory assertions contained therein).

Beyond this, the Choes do not direct the court to any evidence in the summary judgment record that would enable a reasonable jury to find that any of the BOA employees with whom the Choes communicated knew that the alleged misrepresentations—that the Choes's documents were under review, that the Choes could roll payments over, and that the Choes would not be foreclosed on—were false. Because the Choes have failed to adduce evidence that would enable a reasonable jury to find that any employee at BOA knew of the falsity of any representation at the time it was made or made any representation without knowledge of its truth—the third essential element of the Choes's fraud claim—all other facts are immaterial, and BOA is entitled to summary judgment. *See, e.g., Girma*, 2006 WL 1499983, at *7.

IV

The Choes argue that BOA has failed to meet its summary judgment burden because it has not "proffered any evidence in its motion, brief, or appendix that would negate the existence of a material element, or that would show there is no evidence to support the existence of a material element as is required by law." Ps. Br. 7. But the Choes misunderstand BOA's summary judgment obligation. As the movant seeking summary judgment on a claim as to which it will not have the burden at trial, BOA was simply required to point the court to the absence of evidence to support any essential element of the Choes's fraud claim. *See Celotex*, 477 U.S. at 325. BOA satisfied this obligation by

pointing, *inter alia*, to an absence of evidence that any of the alleged misrepresentations were made knowingly or with reckless disregard for their falsity.  The summary judgment burden then shifted to the Choes to produce evidence that would enable a reasonable trier of fact to find (as pertinent here) that the BOA employee or employees that made the alleged misrepresentations either knew their statements were false or made these statements with reckless disregard for their truth.  The Choes's conclusory assertion that "the speaker either knew the representations were false, or made them without knowledge of their truth," Ps. Br. 6, does not create a genuine issue of material fact that warrants a trial.  The Choes have not produced any evidence that would enable a reasonable jury to find that they have satisfied the third essential element of their fraud claim: that the alleged misrepresentations were made with knowledge of their falsity or with a reckless disregard for their truth.[2]

\* \* \*

For the foregoing reasons, the court grants BOA's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

May 30, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]Because the Choes have failed to create a genuine issue of material fact on the knowledge element of their fraud claim, BOA is entitled to summary judgment.  The court therefore need not address the remaining arguments that BOA advances in support of its motion.