IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHONG H. CHOE, et al.,                  §
                                        §
                    Plaintiffs,         §
                                        §   Civil Action No. 3:13-CV-0120-D
VS.                                     §
                                        §
BANK OF AMERICA, N.A.,                  §
                                        §
                    Defendant.          §

MEMORANDUM OPINION
AND ORDER

        Plaintiffs Chong H. Choe and Gretchen H. Choe (the "Choes") move under Fed. R.

Civ. P. 59(e) to alter or amend the judgment in this action alleging a fraud claim arising from

the conduct of defendant Bank of America, N.A. ("BOA") in relation to the Choes's

residential loan.  The court denies the motion.

I

        The court assumes the parties' familiarity with its memorandum opinion and order in

this case.  *See Choe v. Bank of Am., N.A.*, 2014 WL 2438378 (N.D. Tex. May 30, 2014)

(Fitzwater, C.J.) ("*Choe III*").

II

        "It is within the district court's discretion whether to reopen a case under [Rule]

59(e)."  *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (citing *Edward H.

Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).  "Reconsideration of a judgment

after its entry is an extraordinary remedy that should be used sparingly."  *Templet v.*

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*,

101 F.Supp.2d 463, 465 (E.D. La. 2000)).

> A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law.

*Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (footnote omitted)

(footnote, citations, and internal quotation marks omitted).

III

A

The Choes contend that the court committed clear error by disregarding the alternative

"reckless" standard for the third element of their common law fraud claim, and, instead,

applying the more rigorous "knowing" standard. The court disagrees.

In *Choe III* the court held:

> Because the Choes have failed to adduce evidence that would enable a reasonable jury to find that any employee at BOA knew of the falsity of any representation at the time it was made *or made any representation without knowledge of its truth*—the third essential element of the Choes's fraud claim—all other facts are immaterial, and BOA is entitled to summary judgment.

*Choe III*, 2014 WL 2438378, at *4 (emphasis added; citation omitted). The court did not

disregard the "reckless" standard for a fraud claim; it clearly held that the Choes had not

created a fact issue under either the "knowing" or the "reckless" standard. The court denies

- 2 -

the Choes's motion on this ground.

B

The Choes next contend that they served BOA with a notice of deposition directing that BOA designate someone to testify regarding, *inter alia*, "Theresa Becker (the person who made the representations), Michelle Kneale, actual knowledge of the telephone conversations between plaintiffs and Bank of America, and the plaintiffs' file as foreclosure and file as loan modification."   P. Br. 4 (emphasis omitted).   They posit that BOA intentionally designated a witness who knew nothing of the facts or the file.   This ground is insufficient to warrant Rule 59(e) relief.

If the Choes believed that BOA had withheld information during discovery or had designated a Rule 30(b)(6) witness who lacked knowledge of the relevant facts, they should have filed a motion compel under Rule 37(a), or, in response to BOA's summary judgment motion, should have sought a continuance under Rule 56(d).   Rule 56(d) "permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is essential to her opposition to a motion for summary judgment."   *Wright v. Blythe-Nelson*, 2001 WL 1012701, at *2 (N.D. Tex. Aug. 15, 2001) (Fitzwater, J.) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.5 (1986)) (addressing former Rule 56(f)).   The Choes did neither.   Instead, they waited until the court issued an unfavorable ruling on BOA's motion for summary judgment to bring their discovery complaints to the court's attention.   A motion to alter or amend under Rule 59(e) is not the proper procedural vehicle for raising a discovery dispute for the first time.   *See, e.g., Fanning v. Metro. Transit Auth.*

- 3 -

*of Harris Cnty., Tex.*, 141 Fed. Appx. 311, 315 (5th Cir. 2005) (per curiam) ("A Rule 56([d])

motion, not one for reconsideration [under Rule 59(e)], is the proper remedy for a party

claiming summary judgment is inappropriate because of inadequate discovery." (addressing

former Rule 56(f))).   Accordingly, this basis for the Choes's motion to alter or amend is

denied.

C

Finally, the Choes argue that the court should consider so-called "newly discovered"

evidence that BOA acted recklessly.   They rely on a June 26, 2014 affidavit of Chong Choe

("Chong") and a transcript of the February 17, 2014 deposition of Monica Aguilar

("Aguilar").   Aguilar's deposition, however, was taken more than two months before the

Choes filed their summary judgment response.   It is not "newly discovered" evidence.   Nor

does Chong's affidavit contain evidence that was unavailable to the Choes on April 28, 2014,

when they filed their summary judgment response.   The court therefore denies the Choes's

motion in this respect as well.

*   *   *

For the foregoing reasons, the court denies plaintiffs' motion to alter or amend the

judgment under Rule 59(e).

**SO ORDERED**.

July 2, 2014.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
CHIEF JUDGE